## Case No. 10,098.

### The NELLIE HUSTED.

[9 Ben. 42.] [1]

District Court, E. D. New York. Feb. 1877.

PILOTAGE—EVIDENCE—BURDEN OF PROOF.

In an action for pilotage, where the right of action is claimed to be derived from a statute of the state of New York, and to have arisen by reason of a tender of service and a refusal to take any pilot, the libellant must show a tender of service and that no pilot was employed. Slight circumstances will however be sufficient to warrant the inference that no pilot was employed. Such inference may be drawn from the fact that when the libellant presented his bill, the master of the ship said it was all right, no evidence being offered to show that a pilot was employed.

In admiralty.

Barney, Butler & Parsons, for libellant.
Benedict & Benedict, for claimant.

BENEDICT, District Judge. This is an action to recover pilotage, based upon a tender and refusal of services at such a distance from Sandy Hook light house that it could not be seen from the deck in fair weather. The answer avers that subsequent to the libellant's tender of services a pilot was taken and paid, but no evidence is produced in support of the averment. A tender and refusal is proved by the libellant and that he was the first pilot tendering his services. The question supposed by the defendant to be presented for determination is whether under the law of this state as now construed by the court of appeals in the last case upon the subject Gillespie v. Zittloson, 60 N. Y. 449, and by the circuit court of this circuit in the case of The Nevada [unreported],[2] following the court of appeals (Hunt, J., Aug. 16, 1876, MSS.), a recovery for a pilotage can be had upon proving a tender of services and a refusal thereof, without proving in addition the negative fact that no pilot was taken. Upon this question I incline to the opinion that although prior to the construction lately put upon the statute of the state by the highest court of the state a tender of services was considered sufficient to raise "an implied promise to pay the amount specified in the statute," according to the present understanding of the statute a tender of services and a failure to take a pilot must appear in order to raise such an implied promise. But it does not follow that in this case the libel must be dismissed. As this view of the law casts upon the libellant the burden of showing a negative, justice requires that it be held that slight circumstances are sufficient to warrant the inference that no pilot was taken. In the present case the defendant has taken upon himself to aver that a pilot was taken, but he offers no proof whatever in support of his averment, while the libellant has proved

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [See Case No. 10,130.]

without objection taken, that after the vessel arrived, he made out his bill and presented it to the master of the vessel, who not only made no objection to it, but said it was all right. This admission of the master by implication admits that no pilot was taken, for, if a pilot had been taken, the bill was not right. In the absence of any evidence for the defendant, when proof from him was easy, the admission of the master should be deemed sufficient to warrant the inference that in fact no pilot was taken. If this inference be incorrect, it can be shown to be so by further testimony, on application to this court, or on appeal. I deem it proper to add that the law stated is intended to be confined to a case where as in this instance the liability is claimed to be derived from the state.

There being no dispute as to the tonnage of the vessel, there must accordingly be a decree in favor of the libellant for the amount claimed with interest and costs.